1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMIE GOETTLICH, et al.,

                                    Plaintiffs,

v.

PATRICK KNELLER, et al.,

                                    Defendants.

Case No.:  22-cv-01210-W-BLM

**ORDER GRANTING JOINT AMENDED PETITION FOR APPROVAL OF MINOR'S COMPROMISE [ECF No. 40]**

Pending before the Court is a Joint Amended Petition for Approval of a Minor's Compromise filed by Plaintiffs Jamie Goettlich, Steven Goettlich, S.G., Jr., a minor, by and through their guardian ad litem, Lisa Goettlich (collectively "Plaintiffs"), and Defendants San Diego Family Housing LLC ("SDFH") and Lincoln Military Property Management ("LMPH"). (Joint Am. Pet., ECF No. 40.) Having reviewed the Joint Amended Petition and supporting documents, and for the reasons discussed below, the petition is **GRANTED**, and the minor's compromise is hereby **APPROVED**.

## I.    BACKGROUND

On June 23, 2022, Plaintiffs filed a complaint in the Superior Court of California, County of San Diego. (ECF No. 1-3 at 14-27.) Plaintiffs asserted state law claims for personal injury arising from an October 20, 2021 dog attack by a Rottweiler owned by the Kneller Family while living at The Village NTC.  (*Id.* at 20.)  The Village NTC is a

military housing community owned and leased to active-duty military personnel and their families by SDFH and managed by Defendant LMPH.[1]  (*Id.* at 20-24.)

On August 18, 2022, Defendants removed the case to this Court on the basis of federal enclave jurisdiction and federal officer removal statute.  (ECF No. 1.)  On September 28, 2022, the dog owners/Defendants Patrick Kneller and Arleen Kneller ("Knellers") filed for Bankruptcy.  (ECF No. 12.)  The Knellers, along with any liability towards the Goettlich family, were discharged on December 28, 2022 and dismissed from this matter on March 27, 2023.  (ECF No. 21.)

On October 11, 2023, the parties filed a Joint Notice of Settlement and the case was referred to the undersigned for the purposes of reviewing the minor's compromise.  (ECF Nos. 28, 29.)  On December 20, 2023, the parties filed a notice of the state court's order and approval of Lisa Goettlich as guardian ad litem for minor Plaintiff S.G. Jr. on June 23, 2022. (ECF No. 37.)

On March 18, 2024, the parties filed a "Joint Amended Petition for Approval of a Minor's Compromise" with respect to Plaintiff S.G. Jr., a minor. (ECF No. 40.)

## II.    LEGAL STANDARD

Local Civil Rule 17.1 addresses settlements involving minors:

> **Order of Judgment Required.** No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise.

S.D. Cal. Civ. R. 17.1(a).

---

[1] Plaintiffs initially included as a Defendant, Liberty Military Housing Holdings (LMHH) due to their belief that LMHH also managed The Village NTC, but this was later shown not to be correct and LMHH was dismissed via stipulation.  (*See* ECF Nos. 9, 10.)

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In *Robidoux*, the Ninth Circuit established that district courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. *Id.* at 1181-82. District courts should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiff's counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

The Ninth Circuit limited its holding in *Robidoux* "to cases involving the settlement of a minor's federal claims" and did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2. Under California law, the court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor. *See A.M.L. v. Cernaianu*, No. LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (citations omitted). The California Probate Code "bestows broad power on the court to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382, 28 Cal. Rptr. 2d 613 (Cal. Ct. App. 1994) (analyzing Cal. Prob. Code § 3601). District courts are split on whether the *Robidoux* standard applies to

the evaluation of a minor's compromise regarding state law claims. *See DeRuyver v. Omni La Costa Resort & Spa, LLC*, Case No.: 3:17-cv-0516-H-AGS, 2020 WL 563551, at *2 n.1 (S.D. Cal. Feb. 4, 2020) (citing cases). "[H]owever, it is not necessary for the Court to resolve the question of whether *Robidoux* or state rules apply. The outcome is the same." *Castro v. United States*, Case No. 19-cv-02240-AJB-JLB, 2022 WL 594545, at *2 (S.D. Cal. Feb. 28, 2022) (collecting cases); *see also A.M.L.*, 2020 WL 7130506, at *2 (finding it unnecessary to resolve whether *Robidoux* or state rules applied to the approval of a minor's compromise where the proposed settlement would satisfy both standards). Courts in this district exercising diversity jurisdiction over state law claims have found *Robidoux* persuasive in providing a framework for evaluating the reasonableness and fairness of the settlement. *See DeRuyver*, 2020 WL 563551, at *2; *see also Lobaton v. City of San Diego*, Case No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. June 16, 2017) (relying on *Robidoux* as a framework when exercising supplemental jurisdiction over a state law claim).

## III.   DISCUSSION

The parties have agreed to a settlement which, after attorney's fees and costs being removed from the proceeds, leaves $70,143.89 of which 70% is being allocated to the minor Plaintiff S.G., Jr.  S.G., Jr. has a jagged T-shaped scar and because of his age, along with recent diagnosis for autism, it has made it difficult to assess the effects this attack will have on his life. However, he is currently receiving physical therapy to "address the concerns related to walking and sitting on his own" as a result of his autism diagnosis but "nothing related to the strength or ability of his left arms."  (ECF No. 40 at 3-4.)  His primary care physician will make a referral to a physical therapist if weakness or the inability to use his left arm is noticed.  (*See id.*)  Since the time of the incident, there has been no evidence of any residual disability, limitations, or restrictions with his arm according to his mother and the last primary care physician he saw in San Diego in May of 2022.

/ / /

S.G., Jr. received treatment in the emergency room at Rady Children's Hospital on the day of the incident where his bite wound was sutured.  He had follow-up appointments at Rady's for suture removal. Plaintiff's counsel successfully negotiated to reduce S.G., Jr.'s Tricare lien for medical expenses from $27,970.20 to $5,000 and has satisfied the $5000 lien.  (*See* ECF No. 40-2 at 3.)  Payments of such medical expenses from settlement proceeds is permissible.  See Cal. Prob. Code § 3601(a) ("authorizing and directing that reasonable expenses, medical or otherwise . . . shall be paid from the money or other property to be paid or delivered for the benefit of the minor . . . .").

The net amount to be distributed on S.G., Jr.'s behalf is $44,100.72, following deductions of $5,000 in medical expenses, $3,5000 in attorney's fees, and $3,399.28 in costs.  (*Id.* at 4-5.)

The parties have proposed that the proceeds for Plaintiff S.G., Jr. of $44,100.72 will be used to purchase an annuity from  Pacific Life & Annuity Services, Inc. ("Assignee"), which will provide periodic payments to be made by Pacific Life Insurance Complaint ("Annuity Issuer) rated A+XV by A.M. Best. (*Id.* at 5-6.)  Two future payments of $42,042.88 will be made payable to S.G., Jr. after he turns eighteen years of age on April 7, 2038 and May 7, 2038 and these amounts are guaranteed based upon a projected annuity purchase date of May 13, 2024. (*Id.* at 6.)

Upon consideration of the facts of the case, Plaintiff's claims, and recoveries in similar actions, the Court finds the proposed method of disbursement of the net amount of the settlement to be fair, reasonable, and in the minor's best interests considering the facts and circumstances of this action.

In addition to assessing whether the settlement is fair and reasonable, the Court, under California law, must approve the attorney's fees and costs to be paid for representation of a minor. *See* Cal. Prob. Code § 3601. Where counsel represents a minor on a contingency fee basis, attorney's fees are generally limited to 25% of the gross recovery. *See Doe v. Lincoln Military Prop. Mgmt., LP*, Case No.: 3:20-cv-00224-GPC-AHG, 2020 WL 5810168, at *3 (S.D. Cal. Sept. 30, 2020). Here, Plaintiff's counsel

requests 6.25% of the settlement amount. Under the facts and circumstances of this action, the requested attorney's fees are reasonable. Additionally, the Court finds that the costs incurred by Plaintiff's counsel are reasonable.

### IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS the Joint Amended Petition (ECF No. 40) and finds the following:

1.   The compromise and terms of the settlement as set forth in the Amended Petition, ECF No. 40, is in the best interests of S.G., Jr. and is hereby approved.

2.   Guardian ad litem Lisa Goettlich is authorized to enter into the settlement on behalf of Plaintiff S.G., Jr. and pay $5000 in reimbursement for Tricare medical lien, attorney's fees in the amount of $3500, and costs in the amount of $3,399.28 out of the gross settlement amount.

3.   The remaining amount of the settlement proceeds designated for S.G., Jr. shall be invested in the annuity as set forth in the joint petition.

**IT IS SO ORDERED**.

Dated:  March 21, 2024

Hon. Bernard G. Skomal
United States Magistrate Judge

6

22-cv-01210-W-BLM